UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Rene D., | Civ No. 26-1239 (PAM/ECW) |
| Petitioner, | |
| v. | **ORDER** |
| Kristi Noem, Secretary, U.S. Department of Homeland Security; Todd M. Lyons, Acting Director of Immigration and Customs Enforcement; David Easterwood, St. Paul Field Office Immigration and Customs Enforcement; Mary De Anda Ybarra, Director, El Paso Field Office, Immigration and Customs Enforcement; and Warden, El Paso Camp East Mont, | |
| Respondents. | |

Federal district courts may issue writs of habeas corpus only "within their respective jurisdictions. 28 U.S.C. § 2241(a). The exercise of jurisdiction in a habeas corpus proceeding generally requires that "the person who has custody over" the petitioner be found within the geographic boundaries of the Court. 28 U.S.C. § 2242; Padilla v. Rumsfeld, 542 U.S. 426, 434–35 (2004). Petitioner acknowledges in his habeas petition that he is no longer being detained in Minnesota, (see Pet. (Docket No. 1) ¶¶ 3, 27), and therefore his immediate custodian cannot be found in Minnesota, either. Accordingly, this proceeding should not have been filed in Minnesota.

Petitioner attempts to justify his invocation of the District of Minnesota as a proper venue to this action by citing 28 U.S.C. § 1391(e), which permits litigants suing federal

officials to bring suit in the district in which the litigant resides. But the Supreme Court concluded long ago that § 1391(e) does not apply to habeas proceedings. See Schlanger v. Seamans, 401 U.S. 487, 490 n.4 (1971). Petitioner's invocation of 28 U.S.C. § 2241(d), (see Pet. ¶ 13), is even wider of the mark, as Petitioner is not "in custody under the judgment and sentence of a State court," and Minnesota is not "a State which contains two or more Federal judicial districts."

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); see also 28 U.S.C. § 1631 (permitting a district court to transfer proceedings upon a finding of lack of jurisdiction). The Court concludes that the transfer of this matter to the Western District of Texas, the district where Petitioner is now detained, is in the interest of justice and will transfer this matter accordingly.

Accordingly, **IT IS HEREBY ORDERED that** this matter is **TRANSFERRED** to the United States District Court for the Western District of Texas.

Dated: February 9, 2026

s/ *Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge